UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 4:98 CR 295-4** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **David Sawyers,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's Motion for Relief of Judgment (Doc. 112). For the following reasons, the motion is DENIED.

After pleading guilty to Escape from the custody of the United States Marshal, defendant was sentenced in February 1999 to a term of imprisonment of 24 months. The Court stated that the term of imprisonment imposed by the judgment "shall run consecutive to the defendant's imprisonment under any previous State or Federal sentence." Defendant did not appeal the judgment or file a petition under § 2255 to vacate, set aside, or correct the sentence.

On August 9, 2010, defendant, proceeding *pro se*, filed his Motion for Relief of

1

Judgment asking that his sentence run concurrently with his sentence imposed in 1993 in the United States District Court for the District of Columbia in Case No. F2220-92.  Defendant contends that the Court should review his previously imposed sentence by considering the factors set forth in 18 U.S.C. § 3584 which provides that a court consider certain factors in determining whether a sentence of imprisonment should run concurrently or consecutively.  Defendant also asserts that the Court should consider certain sentencing guidelines which provide guidance on consecutive/concurrent sentencing issues.  Defendant contends that under his current sentence, he is not permitted to participate in many of the Bureau of Prisons programs.

Defendant is currently incarcerated in Atlanta, Georgia.  Therefore, this Court does not have jurisdiction to consider a § 2241 petition.  *Ward v. Barron*, 93 Fed.Appx. 41 (6th Cir. 2004) ("Section 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated.  If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian.") Moreover, federal prisoners must exhaust their administrative remedies prior to filing a petition under § 2241.  *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229 (6th Cir. 2006).  Defendant does not allege that he first exhausted his administrative remedies.  For these reasons, any request filed under § 2241 fails.

To the extent that defendant seeks to modify his sentence under 18 U.S.C. § 3582(c), the Court finds no basis under that statute which provides:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that--

>    (1) in any case--
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>    (i) extraordinary and compelling reasons warrant such a reduction...
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  The Court does not find that any of these circumstances apply here.

Fed.R.Crim.Pro. 35(a) states, "**(a) Correcting Clear Error.**  Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  A request under this rule is untimely and has no basis.

Finally, to the extent that defendant is seeking to modify his sentence under § 2255, his request is barred by the one year statute of limitations set forth by that statute.

**Conclusion**

For the foregoing reasons, defendant's Motion for Relief of Judgment is denied.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/14/10